USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
J.A.P. MARC-EDDY LAJOIE,                                       :
                                                               :
                                    Plaintiff,                 :          1:25-cv-5815-GHW
                                                               :
            -against-                                          :          ORDER
                                                               :
DEPARTMENT OF THE TREASURY and                                 :
INTERNAL REVENUE SERVICE,                                      :
                                                               :
                                    Defendants.                :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    Plaintiff commenced this action on July 15, 2025, alleging that Defendants fraudulently billed Plaintiff in excess of his actual tax liability despite Plaintiff's allegations that he did, in fact, fully discharge his tax obligations. Compl. at 5. It is unclear why Plaintiff filed his case in this district—Plaintiff does not reside here, Defendants do not reside here, and none of the underlying conduct giving rise to his claims occurred here. Nowhere in the complaint, does Plaintiff allege whether and, if so, why venue is proper in this district. *Id.*

    Because: (1) Plaintiff is a resident of East Lansdowne, Pennsylvania; (2) Defendant Department of the Treasury resides in Fresno, California and that Defendant Internal Revenue Service resides in Cincinnati, Ohio, *id.* at 3; (3) Defendants' officers were located in California and Ohio, respectively when those officers sought additional tax monies from Plaintiff, *id.* at 3, 4; and (4) the correspondence at issue in this case was mailed from Defendants' Fresno, California office, *id.* at 5, 9, the Court issued an order to show cause as to why this case should not be transferred to the Eastern District of Pennsylvania on August 8, 2025. Dkt. No. 4. In that order, the Court noted that "Plaintiff does not reside here, Defendants do not reside here, and none of the underlying conduct giving rise to his claims occurred [in the Southern District of New York]." *Id.* at 1. The Court also

noted that "because both convenience and the interest of justice weigh in favor of transferring the case to the Eastern District of Pennsylvania— . . . where Plaintiff resides—the Court is inclined to transfer this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a)." *Id.* at 4. Finally, the order gave Plaintiff until no later than August 21, 2025 to show cause as to why the case should not be transferred to the Eastern District of Pennsylvania (or to consent to transfer). *Id.*; *see* 28 U.S.C. § 1406(a).

On August 15, 2025, Plaintiff responded to the show cause. Dkt. No. 6. Plaintiff's response demonstrates that his case should not proceed in the Southern District of New York. First, Plaintiff admits that he resides "with his wife in Delaware County, PA" and not in this district. *Id.* at 1 (noting that he is a "former resident of Brooklyn, NY"). Second, Plaintiff's response underscores that litigating his case in the Eastern District of New York is substantially more convenient for him because he has an attorney in Philadelphia and because he has a significant disability that limits his ability to stand or travel for significant periods of time. *Id.* ("I am from Delaware County and disabled from the waist down . . . and CAN'T stand for too long."). As the Court noted in its show cause order, "it [is] much more convenient for Plaintiff, to accommodate his [disability], for his claims be heard in the Eastern District of Pennsylvania, which is less than a half hour drive from Plaintiff's residence" instead of the Southern District of New York which "is nearly three hours from Plaintiff's residence." Dkt. No. 4 at 3. Because venue does not lie in this district, and because both convenience and the interest of justice weigh in favor of transferring the case to the district to the Eastern District of Pennsylvania—where venue is appropriate under 28 U.S.C. § 1391(e) and where Plaintiff resides—this case is hereby transferred under 28 U.S.C. § 1406(a) to the Eastern District of Pennsylvania.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to transfer this case to Eastern District of Pennsylvania without delay. The Clerk of Court is further directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: August 19, 2025

                                                  GREGORY H. WOODS
                                                  United States District Judge